Case: 4:21-cr-00034-DMB-JMV Doc #: 85 Filed: 04/01/24 1 of 2 PageID #: 346

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:21-CR-34

JIMMIE GRIFFIN III

**ORDER**

Jimmie Griffin III pled guilty to one count of possession with intent to distribute cocaine, for which on April 26, 2022, this Court sentenced him to forty-eight months of imprisonment followed by three years of supervised release. Docs. #29, #73. On January 29, 2024, Griffin filed a pro se motion requesting the Court conduct a "case evalation [sic] on … sentencing guideline[] … Amendment 821" and appoint counsel to represent him "[f]or the purpose of the status points [a]mendments."[1] Doc. #80 at PageID 329. On February 5, 2024, Griffin filed a pro se motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).[2] Doc. #82. Two days later, the Federal Public Defender was appointed to represent Griffin under a November 1, 2023, standing order in this district. Doc. #81. The standing order applies to indigent defendants "potentially eligible for a sentence reduction under 18 U.S.C. § 3582(c) based on the retroactive application of Parts A and B, Subpart 1, of Guideline Amendment No. 821 and Policy Statement § 1B1.10." *Id.* at 1.

Because the Federal Public Defender was appointed to represent Griffin pursuant to the standing order, Griffin's pro se motion to appoint counsel [80] is **DENIED as moot**. And because Griffin's pro se motion for a sentence reduction fails to identify the specific reason in § 3582(c) that would justify his request for a sentence reduction and presents no argument why such

---

[1] The government did not respond to Griffin's January 29 pro se motion.

[2] The government responded to Griffin's February 5 pro se motion on February 29, 2024; however, the response is untimely. *See* U.L. Crim. R. 47(C)(1).

reduction is specifically warranted in his case, Griffin's pro se motion for a sentence reduction [82] is **DENIED without prejudice**.[3]

    **SO ORDERED**, this 1st day of April, 2024.

/s/Debra M. Brown<br>**UNITED STATES DISTRICT JUDGE**

---

[3] The Court's denial without prejudice of Griffin's pro se motion in no way precludes him from requesting a sentence reduction with the assistance of the Federal Public Defender to the extent he is potentially eligible for such, and the Federal Public Defender's appointment shall continue until that determination is made. It appears though that Griffin does not qualify for a reduction under Part B's subpart 1 given the criminal history points indicated in his presentence report. Doc. #67 at –12. Whether he is potentially eligible under Part A will be left for the Federal Public Defender to assess.